UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN ROBERT PARKER

                                CIVIL ACTION

VERSUS

                                NUMBER 14-177-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY


## RULING ON SOCIAL SECURITY APPEAL

Plaintiff John Robert Parker brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying his application for disability insurance income benefits.

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision is affirmed.


### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  If substantial

evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings. Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the ALJ's finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.[1]

In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the

---

[1] *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972) (as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palimino v. Barnhart*, 515 F.Supp.2d 705, 710 (W.D.Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision is upheld when there is substantial evidence to support it).

evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Thus, on judicial review the Commissioner's decision is granted great deference, and the decision will not be disturbed unless the court cannot find substantial evidence in the record to support it, or the court finds an error of law was made. *Leggett v. Chater,* 67 f.3d 558, 564 (5th Cir. 1995).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to

3

evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525. The criteria for listings is stringent, and it is the plaintiff's burden to prove that his condition satisfies a listing. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the

4

claimant shows at step four that he is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

## Background and Claims of Error

Plaintiff was 46 years of age at the time of the administrative law judge's ("ALJ") decision.[2]  Plaintiff graduated from high school and also completed automotive machinist training. Plaintiff's past relevant work consisted of employment as an equipment operator, mechanic, modular building repair technician, and modular building yard foreman.  In his application for disability benefits filed in June 2011, the plaintiff claimed that he is disabled and no longer able to work because of a back injury, left eye blindness, depression and learning disabilities.  AR pp. 90-95, 127-32, 204-09.

After his application was denied at the initial stages, the plaintiff requested an ALJ hearing after which the ALJ issued an unfavorable decision.  AR pp. 10-40, 50-89.  The ALJ found at the second step that the plaintiff had a combination of severe

---

[2]  Plaintiff's age placed him in the category of "younger person." 20 C.F.R. § 404.1563(c).

impairments - blindness in one eye,[3] disorder of the lumbar spine,[4] borderline intellectual functioning, mood disorder, post traumatic stress disorder and substance abuse.  At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment.  AR pp. 14-16.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether the plaintiff was able to do any of his past relevant work or other work in the national economy.[5]  The ALJ found the plaintiff had an RFC to perform light work as defined in the regulations,[6] but also found other

_____

[3] Blindness in plaintiff's left eye was caused by traumatic injury to the eye when the plaintiff was 18 months old.  AR pp. 258-62.  Plaintiff's vision in his right eye is 20/20.  The state agency medical consultant, Dr. James H. Dew, stated the plaintiff had a visual impairment, but it did not meet the listing and was non-severe.  AR p. 419. Nevertheless, the ALJ did not fully credit Dr. Dew's opinion and found that the plaintiff's left eye blindness is one of his severe impairments.  AR p. 17.

[4] The record indicates a history of back injury and pain since 2008.  Plaintiff was treated with some prescribed medication, physical therapy, and injections, but at the time of the hearing the plaintiff stated he was taking over-the-counter medicine for back pain.  See, AR pp. 32-33, 264-77, 294-311, 326-57, 367-69, 377-78, 383-90, 403, 410-14.

[5] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545.

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is

(continued...)

6

nonexertional limitations.  He determined the plaintiff was also limited to: (1) no more than frequent use of the right lower extremity for foot controls, pedals or similar devices; (2) frequent postural activities; and, (3) unskilled work and contact with the public only incidental to the work performed.  AR p. 16. Given this RFC, and based on the hearing testimony of the vocational expert, Harris N. Rowzie, the ALJ concluded that the plaintiff would not be able to perform any of his past relevant work.  However, based on the plaintiff's age, education, work experience and RFC the expert identified several jobs in the national economy the plaintiff could perform - bottle packer and poultry dresser.  Rowzie named these two examples, and also testified that beyond these two examples there are many others.  AR pp. 16-21, 31.  Therefore, at the fifth step the ALJ found the plaintiff is not disabled.[7]

In his appeal memorandum the plaintiff argued that the ALJ committed the following errors that require reversal of the ALJ's decision: (1) at step three the ALJ should have found the plaintiff had a listed impairment; (2) the ALJ erred by discounting the

---

[6](...continued)
in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).

[7] Plaintiff exhausted his administrative remedies before filing this action for judicial review.  The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

evidence from the plaintiff's treating physicians and giving more weight to the reports and opinions of the consultative and state agency medical examiners; and (3) the ALJ erred in finding the plaintiff had the ability to perform light work.

Based on the standard of judicial review and a careful review of the entire administrative record as a whole, the plaintiff's claims of reversible error are unsupported and without merit.

## Analysis

At step two the ALJ determined that the plaintiff had a combination of severe impairments, consisting of blindness in one eye, disorder of the lumbar spine, borderline intellectual functioning, mood disorder, post traumatic stress disorder and substance abuse.   AR p. 14.   Plaintiff agreed with the ALJ's finding at step two.[8]   However, the plaintiff alleged error at step three, claiming the ALJ should have concluded his impairment or combination of impairments met the severity of one of the listed impairments found in Appendix 1. 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1.

Plaintiff did not identify any specific listing under which he believed the ALJ should have found him disabled, nor did he cite what evidence in the record established he satisfied the criteria of a listing.   Plaintiff has the burden of proving that his

---

[8] Record document number 1-5, Memorandum in Support of Appeal & Applicant's Eligibility and Disability, p. 2.

impairment matches a listed impairment by specifying the medical findings and evidence, which demonstrate he meets all of the medical criteria specified in a particular listing. Plaintiff failed to do this. Plaintiff simply made a conclusory assertion that he should be found disabled based on a listing. This is insufficient to establish the ALJ made an erroneous finding at step three. Moreover, for the reasons and evidence cited by the Commissioner, review of the record as a whole shows that substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled based on any listed impairment, including Listings 1.04 (Disorders of the spine), 2.02 (Loss of central visual acuity), 12.02 (Organic Mental Disorders), 12.04 (Affective Disorders), 12.05 (Intellectual disability), and 12.06 (Anxiety Related Disorders).[9] Thus, the plaintiff's alleged claim of error at the third step is without merit.

With regard to the RFC finding, the plaintiff argued that it is not supported by substantial evidence. Review of the record as a whole establishes that there is substantial evidentiary support for the ALJ's RFC finding. The ALJ concluded that, because of limitations associated with his back condition and mood disorder, the plaintiff could perform a modified range of light work. This finding is supported by the following evidence and medical source

---

[9]   Record document number 12, Defendant's Opposition Memorandum, pp. 5-15.

reports contained in the record.  Dr. Stephen M. Wilson of the Bone
and Joint Clinic performed a consultative examination on October 5,
2012.   After  reviewing  the  medical  records  and  performing  a
physical  examination,  Dr.  Wilson  found  the  plaintiff:  (1)  was
limited to occasionally lifting and carrying 21 to 50 pounds, but
frequently lifting and carrying up to 20 pounds; (2) was capable of
sitting four hours, standing two hours, and walking two hours, at
one time, without interruption; (3) was capable of sitting for 8
hours total in an 8 hour work day, standing for a total of 6 hours
and walking for a total of 4 hours; (4) did not require a cane to
ambulate; (5) no limitations in use of his hands and feet except
for limited to frequent, rather than continuous, pushing/pulling,
and  operation  of  foot  controls;  (6)  could  occasionally  climb
stairs/ramps, ladders/scaffolds, balance, stoop, kneel, crouch and
crawl; (7) had no environmental limitations, except for not being
able to work at unprotected heights; and (8) had no limitations on
other  daily  activities  such  as  shopping,  traveling,  walking  on
uneven surfaces, using public transportation, climbing stairs using
a  single  hand  rail,  preparing  simple  meals,  personal  care,  or
sorting, handling/using papers and files.  AR pp. 473-80.  These
findings by Dr. Wilson are consistent with and fall within the
scope of the regulatory definition of light work.[10]

_____

[10] 20 C.F.R. § 404.1567(b)(light work); SSR 83-10, Titles II
and XVI: Determining Capability To Do Other Work-The Medical-
                                              (continued...)

State agency medical consultant Dr. Roy Rubin reviewed the medical records and provided a residual functional capacity assessment dated October 24, 2011.  Dr. Rubin's findings were essentially that the plaintiff could perform the exertional requirements of medium work.  AR pp. 420-27.  Under the regulations, an individual who can do a medium level work is also able to perform light work.[11]  Dr. Rubin noted that the plaintiff was limited to: (1) frequent pushing and/or pulling in the right lower extremity due to radicular symptoms; and (2) due to his back condition frequently performing postural activities such as climbing, balancing, stooping, kneeling, crouching and crawling. AR p. 421-22.

With regard to the plaintiff's mental impairments, the record contained an October 24, 2011 psychological evaluation by licensed clinical psychologist Valerie McAdams, PsyD, and a mental residual functional capacity assessment by state agency psychological consultant Irma Best, Ph.D., completed on November 23, 2011.[12]  The assessment completed by Best stated that the plaintiff had moderation limitation in his ability to understand and remember

---

[10](...continued)
Vocational Rules Of Appendix 2, 1983 WL 31251, *5-6.

[11] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  if someone can do medium work, we determine that he or she can also do sedentary and light work.  20 C.F.R. § 404.1567(c).

[12] AR pp. 429-50.

11

detailed instructions, but could do "simple tasks."  Best also concluded the plaintiff had: (1) moderate limitation in his ability to carry out detailed instructions; (2) moderate limitation in his ability to sustain concentration for extended periods, with concentration adequate for basic activities; and, (3) occasional limitation in his ability to interact with the general public and coworkers, with the ability to maintain basic social interactions. AR p. 450.

The evidence cited above is relevant and sufficient for a reasonable mind to accept as adequate support for the ALJ's RFC finding.  Thus, the ALJ's conclusion the plaintiff can do light work, but is also limited to frequent postural activities, no more than frequent use of the right lower extremity for foot controls, pedals or similar devices, and unskilled work where contact with the public is only incidental to the work performed, is supported by substantial evidence and must be affirmed.[13]

Finally, the plaintiff argued the ALJ committed legal error by giving more weight to the evaluations done by the consultative and state agency medical examiners, rather than the reports of his treating physicians.  Review of the record as a whole in light of the applicable legal standards shows that this claim of error is

---

[13] The fact that the plaintiff can cite some evidence in the record that supports his claim is irrelevant in terms of judicial review.  As long as the ALJ's finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.

also unsupported.

It is the role of the ALJ to weigh the evidence and resolve conflicts in the evidence. *Greenspan v. Shalala,* 38 F.3d 232, 240 (5th Cir. 1994); *Wingo v. Bowen*, 852 F.2d 827, 830 (5th Cir. 1988). It is well established that the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability. It is equally well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 455-56. An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley*, 809 F.2d at 1057.

The regulations also state that when the ALJ finds the medical opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion. These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization. 20 C.F.R. §§ 404.1527(c) and (d); SSR 96-2p;[14] *Newton*, 209 F.3d at 456. Nevertheless, the ALJ

---

[14] TITLES II AND XVI: GIVING CONTROLLING WEIGHT TO TREATING SOURCE MEDICAL OPINIONS, 1996 WL 374188.

need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another's. *Id.,* at 458; *Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical source's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

To the extent any treating sources stated that no jobs are available to the plaintiff or that the plaintiff is partially disabled, such statements are not medical opinions. AR p. 482-86. Therefore, the ALJ was not required to give them any special consideration or significance. *Id.* Furthermore, the ALJ had good cause not to credit Dr. Taylor's November 2012 report, and his decision is supported by substantial evidence. Dr. Taylor's statements were conclusory and inconsistent with the other

14

objective medical evidence in the record.  Not only do the reports of Dr. Wilson and Dr. Roy support the ALJ's findings, the medical records from the plaintiff's treating doctors during 2010 and 2011 also support the conclusion that the plaintiff can do a modified range of light work.[15]  The ALJ's evaluation of the evidence, including the opinions of the various medical sources contained in the record, complied with the relevant legal standards.  Plaintiff failed to demonstrate that the ALJ committed any error in weighing the evidence.

At the fourth step, the ALJ found that the plaintiff could not do any of his past relevant work because the requirements of that work exceeded his RFC.  Therefore, the ALJ had to proceed to the final step to determine whether there was other work the plaintiff could do that exists in significant numbers in the national economy.[16]  Because the plaintiff's ability to do light work was

---

[15]  See, e.g., AR pp. 340-47, 352, 355, 357, 385.  The ALJ's analysis of the evidence shows that the ALJ carefully considered each of the doctor's reports and opinions.  The ALJ did not fully credit the reports of Drs. Wilson and Roy which indicated the plaintiff could do medium work, but adopted their assessments to the extent they supported the conclusion that the plaintiff could do a modified range of light work.  AR pp. 17-19.

[16]  Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications.  It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would

(continued...)

reduced by postural and other nonexertional limitations, the ALJ correctly relied on the testimony of a vocational expert.[17]   In response to the questions presented at the hearing, which fairly incorporated all of the plaintiff's limitations recognized by the ALJ, the vocational expert testified that there were jobs existing in significant numbers in the national economy that the plaintiff would be able to perform, and the expert gave two examples - bottle packer and poultry dresser.  This vocational evidence constitutes substantial evidence to support the ALJ's finding at the fifth step that the plaintiff is not disabled because he can perform other work existing in significant numbers in the national economy.

## Conclusion

Based on the standard of judicial review under § 405(g), and a careful review of the entire administrative record as a whole, the plaintiff's claims of error are without merit.  The analysis above demonstrates that the proper legal standards were applied and

---

[16](...continued)
be hired if he applied for work.  However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy.  20 C.F.R. § 404.1566(a).

[17] It is well established that if a claimant has nonexertional limitations the ALJ uses the Medical-Vocational Guidelines only as a framework, and is required to obtain vocational expert testimony to support the finding at step five of the disability analysis. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

16

that substantial evidence supports the determination at the fifth step that the plaintiff is not disabled.

Accordingly, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application for disability income benefits filed by plaintiff John Robert Parker, is affirmed.

A separate judgment will be issued.

Baton Rouge, Louisiana, October 30, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

17